UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION  MDL No. 2472


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants[1] in several pharmaceutical antitrust actions move to centralize this litigation in the District of New Jersey. This litigation currently consists of four actions pending in the Eastern District of Pennsylvania and two actions pending in the District of Rhode Island, as listed on Schedule A.[2]

All of the responding parties support centralization, but disagree as to where this litigation ought to be centralized. The defendants request centralization in the District of New Jersey, where purportedly-related patent litigation is pending, or, alternatively, in the District of Rhode Island. Plaintiffs in the four actions pending in the Eastern District of Pennsylvania support centralization in that district. Plaintiffs in the two actions pending in the District of Rhode Island request centralization there, but alternatively support the Eastern District of Pennsylvania as the transferee court. Finally, plaintiffs in two of the potential tag-along actions support centralization in the Eastern District of Pennsylvania, while another potential tag-along plaintiff supports centralization in that district or, alternatively, the District of Rhode Island.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the District of Rhode Island will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants violated federal and state antitrust laws by excluding generic competition for Warner Chilcott's name brand

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] Moving defendants include: (1) Warner Chilcott (US), LLC; Warner Chilcott Public Limited Company; Warner Chilcott Company, Inc.; Warner Chilcott Company, LLC; Warner Chilcott Laboratories Ireland Limited; Warner Chilcott Holdings Company III, Ltd.; Warner Chilcott Corporation; and Warner Chilcott Sales (US), LLC (collectively, Warner Chilcott); (2) Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., and Watson Laboratories, Inc. (collectively, Actavis); and (3) Lupin Ltd. and Lupin, Inc. a/k/a Lupin Pharmaceuticals, Inc. (collectively, Lupin).

[2] Defendants' motion included two additional actions filed in the District of New Jersey that were subsequently dismissed. Also, the parties have notified the Panel of five related actions pending in the Eastern District of Pennsylvania. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

-2-

Loestrin 24 Fe oral contraceptive. The defendants' alleged anticompetitive conduct includes, *inter alia*, entering into anticompetitive reverse payment agreements in order to prevent generic competitors to Loestrin 24 Fe from entering the market and Warner Chilcott's introduction of a replacement product for Loestrin 24 Fe—Lo Loestrin Fe—that plaintiffs claim offers no new benefits to consumers, but merely prolongs Warner Chilcott's ability to reap monopoly-level profits. All of the actions are putative nationwide class actions on behalf of either direct or indirect purchasers of Loestrin 24 Fe. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See In re Nexium (Esomeprazole) Antitrust Litig.*, 908 F. Supp. 2d 1360, 1361 (J.P.M.L. 2012) (centralizing antitrust class actions premised on reverse payment agreement).

Among the several attractive options, we have selected the District of Rhode Island as the transferee district for this litigation. This district has the support, at least in the alternative, of both plaintiffs and defendants. Two of the actions are pending in the District of Rhode Island, and these actions include claims by both direct and indirect purchasers. The district is both convenient and accessible. Centralization in this district also permits the Panel to assign the litigation to a district with only one other multidistrict litigation pending and ample resources to efficiently manage this litigation. Additionally, it allows us to assign this litigation to an experienced and capable jurist who has not yet presided over an MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions pending in the Eastern District of Pennsylvania are transferred to the District of Rhode Island and, with the consent of that court, assigned to the Honorable William E. Smith for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         Paul J. Barbadoro
Marjorie O. Rendell       Charles R. Breyer
Lewis A. Kaplan

IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION                                          MDL No. 2472

## SCHEDULE A

<u>Eastern District of Pennsylvania</u>

United Food and Commercial Workers Local 1776 & Participating Employers Health
    and Welfare Fund v. Warner Chilcott (US), LLC, et al., C.A. No. 2:13-01807
New York Hotel Trades Council & Hotel Association of New York City, Inc.,
    et al. v. Warner Chilcott Public Limited Company, et al., C.A. No. 2:13-02000
Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v. Warner
    Chilcott Public Limited Company, et al., C.A. No. 2:13-02014
Electrical Workers 242 and 294 Health & Welfare Fund v. Warner Chilcott Public
    Limited Company, et al., C.A. No. 2:13-02862

<u>District of Rhode Island</u>

City of Providence v. Warner Chilcott Public Limited Company, et al.,
    C.A. No. 1:13-00307
American Sales Company, LLC v. Warner Chilcott Public Limited Company, et al.,
    C.A. No. 1:13-00347